SPS

COMMONWEALTH OF VIRGINIA
*CIRCUIT COURT OF FAIRFAX COUNTY*
4110 CHAIN BRIDGE ROAD
FAIRFAX, VIRGINIA 22030
703-691-7320
(Press 3, Press 1)

Yolande P Frost vs. The Home Depot USA Inc

CL-2012-0015997

TO: The Home Depot USA Inc.,
Serve: Corporate Service Company, Registered Agent
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219

SUMMONS –CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on Wednesday, October 16, 2013.

JOHN T. FREY, CLERK

By _____
Deputy Clerk

**Plaintiff's Attorney:** Laurie Frost Wilson

EXHIBIT A

VIRGINIA:

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

YOLANDE P. FROST )
6713 Greenview Lane )
Springfield, Virginia 22152 )
 )
    Plaintiff, )
v. ) Case No. 2012-15997
 )
THE HOME DEPOT U.S.A., INC. )
2455 Paces Ferry Road, NW )
Building B-Legal )
Atlanta, Georgia 30339 )
 )
    Defendant. )

## COMPLAINT

Plaintiff, YOLANDE P. FROST, by counsel, moves for judgment against defendant, THE HOME DEPOT U.S.A., INC., on the grounds and in the amount set forth below:

1. Plaintiff Yolande P. Frost is a long-time resident of Virginia whose address is 6713 Greenview Lane, Springfield, Virginia 22152.

2. Defendant, The Home Depot U.S.A., Inc., upon knowledge and belief, is a corporation organized under the laws of Georgia, with its principal place of business located at 2455 Paces Ferry Road, NW, Atlanta, Georgia 30339. To the best of plaintiff's knowledge, defendant is the owner and/or operator of the Home Depot store located at 6691 Frontier Drive, Springfield, Virginia 22150.

3. As the owner and/or operator of said store, a place of business to which the general public is invited, defendant, its agents and employees, had a duty to maintain the premises in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects existed; and to warn the public of any such latent defects known to it, its agents and employees.

4. Notwithstanding said duty, defendant, its agents and employees negligently allowed a small metal plate approximately one (1) square foot in size, with one-inch raised bolts at each corner of the plate, to remain anchored to the floor of the parking garage of these premises in an area where patrons customarily passed while going to or from their cars, although defendant, its agents and employees, knew, or in the exercise of reasonable care should have known, that said defect existed. The metal plate had been used as a support base for a handicapped parking sign, but the handicapped parking sign had been removed, leaving the metal plate and bolts exposed, but difficult to see given the color of the garage floor and the dim lighting therein.

5. On or about the 25th day of October 25, 2010, plaintiff, an 82-years-old woman, was a customer in said store and was walking back to her car through the area -- an open space in-between two parking spaces -- in which the metal plate was located. As a direct and proximate result of defendant's negligence as aforesaid, either the shopping cart plaintiff was pushing rammed into the metal plate, or plaintiff's shoe caught on the metal plate, and plaintiff tripped, sustaining serious injury to her head and face, her hands, wrists, arms, and legs and, in particular, her left knee. She was transported by ambulance to the nearest emergency room, where doctors determined she had suffered a concussion, numerous lacerations, and severe bruising as a result of the trip and fall. She had to be admitted to the hospital for several days following such fall.

6. At the time of the incident, a manager of the store admitted he and/or his employee(s) knew the handicapped parking sign had been knocked down (it was lying against a nearby concrete pillar) and that the metal plate with its and raised bolts was still in place although it should have been removed.

7. As a direct result of her fall, plaintiff has been forced to incur substantial medical and hospital bills in an effort to be cured of her injuries; has suffered and continues to suffer

severe physical pain and mental anguish; has been disabled and immobilized to such an extent that knee replacement surgery was required for her left knee; and has been prevented and will in the future be hindered from attending to her business and personal affairs for a long period of time.

8. Also as a direct result of the fall and her resulting concussion and injuries, plaintiff subsequently has fallen a number of times in the months immediately following such incident, one fall again requiring emergency medical treatment; and has been extremely fearful of going out in public and shopping at said store, and driving or going to other places without someone to assist her. Plaintiff will require follow-up monitoring and medical care for a long period of time.

### JURY TRIAL DEMANDED

9. A trial by jury is demanded.

WHEREFORE, plaintiff, Yolande P. Frost, demands judgment against defendant The Home Depot U.S.A., Inc., in the amount of Four Hundred Thousand Dollars ($400,000.00), and her costs expended in this action.

YOLANDE P. FROST

By _____
Counsel for Plaintiff

LAURIE FROST WILSON
Attorney-at-Law
VA Bar No. 23282
8950 Hooes Road
Lorton, Virginia 22079-3005
703-585-8950
703-690-8171 fax
email: lfrost.wilson@verizon.net

October 24, 2012

3